

**NUMBER 13-09-00202-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JOHN GILBERT SALAZAR,**                                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                          **Appellee.**

---

**On appeal from the 156th District Court
of Bee County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

On August 16, 2007, appellant, John Gilbert Salazar, was charged by indictment with two counts of indecency with a child by touching, a second-degree felony, and two counts of an improper relationship between an educator and a student, also a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), (d) (Vernon 2003), 21.12(a)-(b) (Vernon Supp. 2008). Pursuant to a plea agreement with the State, Salazar pleaded guilty to the two counts of indecency with a child, and the State agreed to dismiss the remaining

two counts alleged in the indictment. The trial court accepted Salazar's plea, deferred an adjudication of guilt, placed him on five years' community supervision, and imposed a $5,000 fine.

Subsequently, on January 27, 2009, the State filed a motion to revoke Salazar's community supervision, alleging that Salazar: (1) failed to complete the Sex Offender Group Therapy Program; (2) failed to pay a statutory supervisory fee of $60.00 per month and the $5,000 fine in the amount of $160.00 per month; and (3) disobeyed a court order to remain more than 1,000 feet of any public or private school, public park, or place of business intended to service the needs of children under eighteen years of age. The trial court conducted a hearing on the State's motion to revoke on March 3, 2009. At the hearing, Salazar, after being admonished, pleaded "true" to the allegations contained in the State's motion to revoke.

The trial court concluded that Salazar had violated the terms of his community supervision, revoked his community supervision, and sentenced him to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice for each count.[1] A $5,000 fine was imposed as to only one of the counts, and the trial court ordered that the incarceration terms run concurrently. The trial court also certified Salazar's right to appeal his sentence, and Salazar now brings this appeal. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Salazar's court-appointed appellate counsel has filed a brief with this Court, stating that her review of the record yielded no grounds or error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation

---

[1] The punishment range for a second-degree felony is imprisonment "for any term of not more than 20 years or less than 2 years" and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 2003).

demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Salazar's appellate counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on Salazar, and (3) informed Salazar of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Salazar has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Salazar's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Salazar and to advise Salazar of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


DORI CONTRERAS GARZA
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and
filed this the 15th day of October, 2009.

---

[3] No substitute counsel will be appointed. Should Salazar wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.